UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TISHAILY LORA,

Plaintiff,

-against-

CENTRALIZED MANAGEMENT SERVICE, INC.,
AMERICAN TRANSIT HOST CORP., WHOLESALE
FUEL DISTRIBUTORS, INC., FUELCO
DISTRIBUTORS, LLC, FOOD SMART, INC., JOHN
DOES 1-10, and XYZ CORP. 1-10,

Defendants.

No. 18-cv-4253 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Tishaily Lora ("Plaintiff") brings this action against Defendants Centralized
Management Service, Inc. ("CMS"), American Transit Host Corp. ("American Transit"), Wholesale
Fuel Distributors, Inc. ("WFD"), Fuelco Distributors, LLC ("Fuelco"), Food Smart, Inc. ("Food
Smart"), John Does 1-10, and XYZ Corp. 1-10 (collectively, "Defendants"). (Am. Compl. ("AC"),
ECF No. 26.) Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
2000e *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"),
and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"),
alleging that Defendants engaged in sexual harassment, gender-based discrimination, and retaliation.
(*Id.*)

Before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint (the
"AC") for failure to allege that Defendants are employers under Title VII, or that WFD, American
Transit, Fuelco, and Food Smart are Plaintiff's employers under state law. (ECF No. 59.) For the
following reasons, Defendants' motion is GRANTED. Plaintiff, however, is granted leave to amend.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/12/2020

# BACKGROUND

## A.  Documents the Court May Consider

Both Plaintiff and Defendants have submitted evidence and affidavits to support their respective positions regarding whether Defendants are considered "employers" under Title VII, the NYSHRL, or the NYCHRL.  Defendants submit three affidavits and documents, such as payroll records, to establish the nature of the entities sued and the number of employees (or lack thereof) employed by each.  (ECF Nos. 60-62.)  Conversely, Plaintiff submits an affidavit that lays out her understanding of Defendants' organizational structure and the employees they hire.  (ECF No. 66.)

On a motion to dismiss, a court "may review only a narrow universe of materials" without converting the motion into one for summary judgment.  *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  This "universe of materials" generally includes "factual allegations in plaintiff['s] amended complaint, which are accepted as true, [] documents attached to the complaint as an exhibit or incorporated in it by reference, . . . or [] documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit."  *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

For a document to be incorporated by reference, the complaint must make a "clear, definite, and substantial reference" to it.  *N.Y. Dist. Council of Carpenters Pension Fund v. Forde*, 939 F. Supp. 2d 268, 277 (S.D.N.Y. 2013).  "Mere discussion or limited quotation of a document in a complaint" does not qualify as incorporation.  *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 453 (S.D.N.Y. 2008) (internal quotations omitted).  But even where a document is not incorporated by reference, a court "may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  "To be integral to a complaint, the plaintiff must have

(1) 'actual notice' of the extraneous information and (2) 'relied upon th[e] documents in framing the complaint.'" *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (internal citations and quotations omitted).

Here, none of the extraneous materials submitted by the parties can be considered by the Court in resolving Defendants' motion to dismiss. To begin, it is well established that, on a motion to dismiss, a court may not "consider factual averments contained in affidavits." *See Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018) (citing *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988)). Accordingly, the Court declines to consider any of the information contain in the affidavits submitted by the parties.

As it relates to the various documents submitted by Defendants, the Court first notes that those documents plainly are not incorporated into the AC. Indeed, rather than making a "clear, definite, and substantial reference" to any of the documents, the complaint is silent about them. Nor are the documents integral to the complaint. There is nothing in the AC that indicates that Plaintiff relied on those documents in drafting her complaint, or that she even had access to them. *See Luna v. N. Babylon Teacher's Org.*, 11 F. Supp. 3d 396, 401-02 (E.D.N.Y. 2014) (concluding that evidence such as "a list of individuals employed by [defendant]; the tax status of those individuals; and a copy of the [defendant's] Constitution" were not considered integral to plaintiff's complaint given that there was no "indication that Plaintiff relied on th[at] documentary evidence or the information contained therein"); *Godoy v. Gordon*, No. 09 Civ. 8693(DAB), 2010 WL 3468786, at *3 (S.D.N.Y. Aug. 24, 2010) (declining to consider an affidavit and "payroll and tax records" submitted by defendants on their motion to dismiss because those documents were "neither integral

to nor incorporated by reference in the Complaint").  Accordingly, the Court will not consider the documents or affidavits proffered by either party.[1]

### B.  Relevant Factual Background

The following facts are drawn from the AC and are assumed true for purposes of this motion. Because of the narrow focus of Defendants' motion, the Court details only a limited recounting of the underlying factual background.

Plaintiff avers that she is a former Executive/Administrative Assistant for CMS, American Transit, WFD, Fuelco, and Food Smart, collectively referred to in the AC as "CMS."  (AC ¶ 4.) CMS is located at 25 Saint Charles Street, Thornwood, NY.  (*Id.*)  As alleged, CMS is a private company that manufactures "ready to drink" beverages that are made to remain "shelf-stable."  (*Id.* ¶ 6.)  CMS also operates and supplies retail fuel stations and gas station convenience stores.  (*Id.*)

In July 2017, Plaintiff began working for CMS at its location in Westchester at a salary of $56,000/year.  (*Id.* ¶ 10.)  Her employment was terminated in November 2017.  (*See id.* ¶ 29.)  During this period, Plaintiff experienced various forms of sexual harassment and gender discrimination by CMS's owner and/or senior management level employee, Sammy Eljamal.  (*See generally id.* ¶¶ 7-8, 13-17.)  She alleges that she was terminated from her employment in retaliation for the complaint she filed related to this alleged harassment.  (*Id.* ¶¶ 18-29.)

### LEGAL STANDARD

Under Rule 12(b)(6), courts must assess whether a complaint "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v.*

---

[1]  Nor will the Court consider converting Defendants' motion into a motion for summary judgment.  "At this juncture, having received only evidence from the Defendants on the fifteen-employee requirement of Title VII, the Court cannot say definitively that discovery will not bolster Plaintiff's position on this issue."  *Luna*, 11 F. Supp. 3d at 402 (quoting *Fernandez v. M & L Milevoi Mgmt., Inc.*, 357 F. Supp. 2d 644, 648 (E.D.N.Y. 2005)).

*Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  A court must accept all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  In determining whether a complaint states a plausible claim for relief, a court must consider the context and "draw on its judicial experience and common sense."  *Id.* at 662.  A claim is facially plausible when the facts pleaded allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

## DISCUSSION

### I.   Defendants' Status as an Employer under Title VII

Defendants move to dismiss Plaintiff's Title VII claims on the basis that none of them are an "employer" as defined under the statute.  (Defs. Mem. of Law in Supp. of Mot. to Dismiss ("Defs. Mot."), ECF No. 63, at 4-7.)  In general, a claim under Title VII may only be brought against an "employer."  *Maines v. Last Chance Funding, Inc.*, No. 2:17-cv-05453 (ADS)(ARL), 2018 WL 4558408, at *8 (E.D.N.Y. Sept. 21, 2018).  Title VII defines an "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person[.]"  42 U.S.C. § 2000e(b).  "[L]iability under Title VII does not extend to employers with fewer than fifteen employees."  *Luna*, 11 F. Supp. 3d at 401 (citing *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 202-03 (2d Cir. 2005)).

This "15-or-more-employees requirement" is not jurisdictional.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504 (2006); *Godoy*, 2010 WL 3468786 at *2 ("[T]he threshold number of employees required for a Title VII claim is not a jurisdictional issue.").  Instead, "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief."  *Arbaugh*, 546

U.S. at 515.  As a result, to survive a motion to dismiss, a plaintiff must allege facts that "plausibly support [] an allegation" that her employer is covered by Title VII.  *See Eyeghe v. Thierry*, No. 14-CV-1914 (JMF), 2014 WL 5242605, at *1 (S.D.N.Y. Oct. 15, 2014) (dismissing claim under Title VII where plaintiff failed to allege that the employer "ha[d] fifteen or more employees").  Conversely, dismissal is warranted "if the complaint shows on its face that the element of the statutory coverage is lacking."  *Da Silva v. Kinsho Intern. Corp.*, 229 F.3d 358, 365-66 & n.9 (2d Cir. 2000) (cited approvingly by *Arbaugh*, 546 U.S. at 511, 515).

Here, while the Court does not consider the extraneous materials submitted by the parties, it is clear from the face of the AC that Plaintiff fails to plausibly allege that any of the Defendants are an employer under Title VII.  Although Plaintiff alleges that she was "an Executive/Administrative Assistant for [CMS], American Transit [], [WFD], Fuelco [], [and] Food Smart []," she provides no details—conclusory or otherwise—as to the number of employees employed by these entities.  Nor is the Court in a position to infer, based on the AC as drafted, that Defendants, either separately or collectively, meet the requisite threshold number of employees for an employer under Title VII.  *See Kuhnmuench v. Phenix Pierre, LLC*, No. 16-CV-9162-LTS, 2018 WL 1357383, at *3 (S.D.N.Y. Mar. 15, 2018) (dismissing Title VII claim for failure to plead that the employer was covered under Title VII, where, although Plaintiff had alleged that all defendants, together, "employed more than 15 employees," he "fail[ed] to proffer a factual basis for an inference that all of the employees of all of the entities can properly be aggregated for Title VII employer-status purposes"); *Eyeghe*, 2014 WL 5242605 at *1 ("[T]his case does not involve an 'ultimate failure to prove' employer status; it involves a complete failure to allege, even in conclusory fashion, that Covent qualifies as an employer for Title VII purposes."); *see also Vera v. Donado Law Firm*, No. 17cv03123 (LGS) (DF), 2019 WL 3306117, at *6, 11 (S.D.N.Y. June 19, 2019), *adopted by*, 2019 WL 3302607 (S.D.N.Y.

Jul. 23, 2019) (declining to enter default judgment on a Title VII claim where "Plaintiff failed to plead that [defendant], by which she claims she was employed as an associate attorney, had at least 15 employees" (internal citation omitted)).

In the absence of such allegations regarding the size of her employer, dismissal of Plaintiff's Title VII claims is warranted. *Cf. Maines*, 2018 WL 4558408 at *8-9 (declining to grant motion to dismiss where Plaintiff had alleged that employer's "total number of employees . . . rang[ed] from as few as twelve at times to in excess of twenty at others, but generally exceeded fifteen," even though "it [was] not clear at which point[]" defendant may and may not have been an employer under the statute); *Godoy*, 2010 WL 3468786 at *2-3 (denying motion to dismiss Title VII claim where complaint included an allegation that the employer "employed at least 15 employees at all relevant times"). The Court therefore GRANTS Defendants' motion to dismiss.

This conclusion notwithstanding, Plaintiff may be able to amend her complaint to plausibly allege that one, or all, of Defendants are an "employer" under Title VII. Accordingly, the Court's dismissal is without prejudice, and Plaintiff is granted leave to file a Second Amended Complaint to, in good faith, attempt to cure the defects in her pleadings.

## II.    Defendants' Status as an Employer under the NYSHRL and NYCHRL[2]

Defendants WFD, American Transit, Fuelco, and Food Smart (the "Non-CMS Entities") move to dismiss Plaintiff's NYSHRL and NYCHRL claims on the basis that none of these entities are Plaintiff's employer.[3] (Defs. Mot. 8-9.) In general, beyond excluding employers that employ

---

[2]    As Plaintiff's federal claims have been dismissed, there is a question of whether the Court should exercise supplemental jurisdiction over her state-law claims. However, because the Court has granted Plaintiff leave to replead her Title VII claim, the Court will defer ruling on any issues of supplemental jurisdiction until after the filing of the second amended complaint and any subsequent motion practice. *See, e.g.*, *Ideyi v. State Univ. of N.Y. Downstate Med. Ctr.*, No. 09-CV-1490 (ENV)(RML), 2010 WL 3938411, at *6 n.6 (E.D.N.Y. Sept. 30, 2010) (deferring ruling on issues of supplemental jurisdiction until after filing of second amended complaint, where leave to replead federal claims was granted).

[3]    CMS does not challenge that it is Plaintiff's employer under the NYSHRL and NYCHRL. (*See* Defs. Mot. 2-3, 8-9.) Accordingly, a favorable ruling for Defendants here would not constitute full dismissal of the AC.

"fewer than four people,"[4] *Geebro v. BPR 4000 LLC*, No. 17 Civ. 8287 (LGS), 2019 WL 652595, at *1 (S.D.N.Y. Feb. 15, 2019) (citing N.Y. Exec. Law § 292(5); N.Y.C. Admin. Code § 8-102(5)), the NYSHRL[5] and NYCHRL do not define the term "employer," *see Chau v. Donovan*, 357 F. Supp. 3d 276, 284 (S.D.N.Y. 2019). Courts therefore look to the following factors to determine whether an entity is an employer: "(1) the selection and engagement of the servant; (2) the payment of salary or wages; (3) the power of dismissal; and (4) the power of control of the servant's conduct." *Urena v. Swiss Post Sols., Inc.*, No. 16 Civ. 1998 (LGS), 2016 WL 5173389, at *3 (S.D.N.Y. Sept. 21, 2016) (quoting *Griffin v. Sirva Inc.*, 835 F.3d 283, 291 (2d Cir. 2016)); *see also Griffin v. Sirva, Inc.*, 29 N.Y.3d 174, 186 (2017) (certifying the factors for determining an employer under NYSHRL). The touchstone of this inquiry is the "employer's power 'to order and control' the employee in his or her performance of work." *Griffin*, 29 N.Y.3d at 186.

Where, as here, a plaintiff asserts an employment action against defendants who are not plaintiff's direct employer, she must plead that the entities are "sufficiently integrated to be treated as a single-employer." *See Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014). In assessing whether entities should be treated as a "single-employer," the Second Circuit instructs courts to look to the "(1) interrelation of operations, (2) centralized control of labor relations, (3) common

---

[4]     The NYSHRL notes that "in the case of an action for discrimination based on sex pursuant to subdivision one of section two hundred ninety-six of [the NYSHRL], with respect to sexual harassment only, the term 'employer' shall include all employers within the state." N.Y. Exec. Law § 292(5). The parties do not address whether this provision is implicated by the AC. But given the Court's conclusion that Plaintiff has failed to plausibly allege that the Non-CMS Entities are her employer, the Court need not address this issue at this time.

[5]     After Plaintiff filed her complaint, and while Defendants' motion was pending, New York State amended Executive Law § 292(5) by expanding the definition of an employer to "include all employers within the state." *See* 2019 Sess. Law News of N.Y. Ch. 161 (S. 6594). That amendment went into effect February 8, 2020. "Generally, an amendment will have prospective application only, and will have no retroactive effect unless the language of the statute clearly indicates that it shall receive a contrary interpretation." *CFCU Cmty. Credit Union v. Hayward*, 552 F.3d 253, 262 (2d Cir. 2009) (quoting N.Y. Stat. Law § 52)). As it can discern no intent for the amendments to section 292(5) to be retroactive, the Court will continue to apply the version of the statute in place at the time of the complaint's filing.

management, and (4) common ownership or financial control." *Id.* (citing *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995)).

At the pleading stage, "a plaintiff need not allege that the parent exercises 'total control or ultimate authority over hiring decisions,' so long as he [or she] alleges that there is 'an amount of participation [by the parent] that is sufficient and necessary to the total employment process.'" *Id.* (citing *Cook*, 69 F.3d at 1241). "Nevertheless, the plaintiff 'must do more than simply state legal conclusions and recite the elements of the 'single employer' standard to survive a motion to dismiss.'" *Juhua Han v. Kuni's Corp.*, No. 19-CV-6265 (RA), 2020 WL 2614726, at *8 (S.D.N.Y. May 22, 2020) (quoting *Fried v. LVI Servs., Inc.*, No. 10 Civ. 9308 (JSR), 2011 WL 2119748, at *5 (S.D.N.Y. May 23, 2011)). And "[a]lthough the determination of '[w]hether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact,' . . . where a plaintiff's allegations are so inadequate that they fail to put a defendant 'on notice of the theory of employer liability,' dismissal is appropriate." *Ruiz v. New Avon LLC*, No. 18-CV-9033, 2019 WL 4601847, at *13 (S.D.N.Y. Sept. 22, 2019) (internal citations omitted).

Here, the AC is devoid of facts that plausibly establish that any of the Non-CMS Entities can be considered Plaintiff's employer. Aside from her naked assertion that she worked as an Executive/Administrative Assistant for all Defendants, collectively referred to as "CMS" (AC ⁋ 4),[6] Plaintiff's only allegation that remotely supports a connection between CMS and the Non-CMS Entities is that the entities share a common address (*id.*). Without more, this lone assertion is simply not enough for the Court to discern that it is at least plausible that CMS and the Non-CMS Entities should be regarded as a single employer. Indeed, "[c]ourts have declined to apply the single

---

[6]     As the *Ruiz* court observed, simply referring to defendants collectively under one name is "nothing more than window dressing" that does not plausibly establish that the entities should be considered a single employer. *Ruiz*, 2019 WL 4601847 at *13.

employer doctrine at the motion to dismiss stage in the face of more substantial allegations" than those present here.  *Ruiz*, 2019 WL 4601847 at *13 (collecting cases); *cf. Brown*, 756 F.3d at 228 (concluding that the "single employer doctrine" was applicable where plaintiff alleged that the parent company "closely directed the operations of its wholly owned subsidiary" and required approval "as to all significant actions taken" by the subsidiary); *Donahue v. Asia TV USA Ltd.*, 208 F. Supp. 3d 505, 518-19 (S.D.N.Y. 2016) (concluding that plaintiff sufficiently alleged interrelatedness of direct employer and another corporate defendant where allegations suggested that the corporate defendant's board member "may have exercised significant control in setting the terms and conditions of [plaintiff's] work" by, *inter alia*, "visiting [the direct employer's] offices twice a month," meeting with the direct employer's employees to review performance evaluations, approving the direct employer's budgets and expenses, and recommending a replacement for plaintiff, which was eventually followed); *St. Jean v. Orient-Express Hotels Inc.*, 963 F. Supp. 2d 301, 309-10 (S.D.N.Y. 2013) (concluding that plaintiff alleged sufficient facts to establish an integrated enterprise where plaintiff alleged that one company made certain hiring and firing decisions for the other, this same company handled certain budget, sales, and marketing decisions of the other, and the two companies shared business records and repeatedly transferred employees).

Accordingly, the Court GRANTS the Non-CMS Entities' motion to dismiss Plaintiff's NYSHRL and NYCHRL claims.  Like her Title VII claims, however, dismissal is without prejudice, and Plaintiff is granted leave to replead facts, in good faith, that establish that it is at least plausible that the Non-CMS Entities are her employer under the NYSHRL or NYCHRL (as well as Title VII).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Amended Complaint is GRANTED.  The Court, however, grants Plaintiff leave to file a second amended complaint

consistent with this Opinion and Order.  If she chooses to do so, Plaintiff has until August 12, 2020

to file her second amended complaint.  Defendants are then directed to answer or otherwise respond

by September 11, 2020.  Failure to file a second amended complaint within the time allowed, and

without good cause, will result in the dismissal of Plaintiff's Title VII claims with prejudice and

dismissal of her state-law claims, including those against CMS, without prejudice so that she can

refile in state court.

        The Clerk of Court is directed to terminate the motion at ECF No. 26.

Dated:   June 12, 2020                         SO ORDERED:
         White Plains, New York

                                          NELSON S. ROMÁN
                                United States District Judge